IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Grinnell Mutual Reinsurance Co.,                    3:19cv2035

      Plaintiff,

  v.                                                                   **ORDER**

Dale Smith, et al.,

      Defendants.

On December 27, 2018, Nathan Giles was working on defendants Dale Smith and Janet Smith's farm. Mr. Smith was operating a corn picker while Mr. Giles was at the front of the machine removing corn husks. Mr. Giles' leg was caught up into the corn picker, resulting in its amputation.

He has sued Mr. Smith and his wife in the Common Pleas Court of Lucas County, Ohio. The Smiths' insurer, plaintiff Grinnell Mutual Reinsurance Co. ("Grinnell"), has informed them that their policy does not cover Mr. Giles' claim. It has done so pursuant to an exclusion that applies where an injured party is a tortfeasor's employee entitled under Ohio law to workers' compensation benefits. Grinnell has also declined to defend the Smiths.

The Smiths contend that Mr. Giles' state court complaint does not define Mr. Giles' status while working with Mr. Smith. Absent some indication that he was an employee, rather than an independent contractor or working in some other capacity, the Smiths argue that Grinnell cannot refuse to provide a defense.

1

Citing the workers' compensation exclusion in its policy, and alleging that Mr. Giles was a "seasonal employee," Grinnell has filed this declaratory judgment action seeking to be relieved of its duties to defend and to provide coverage. (Doc. 1).

Pending is the Smiths' motion under Fed. R. Civ. P. 12(b)(1) for judgment on the pleadings. (Doc. 32). They seek to have me: 1) compel Grinnell defend the state court suit; and 2) preclude Grinnell from asserting the exclusion as a bar to coverage. (*Id.*).

For the reasons that follow, I grant the defendants' motion for judgment on the pleadings as to the duty of defense.

**Discussion**

**1. Grinnell's Complaint Fails Under *Iqbal/Twombly***

Grinnell bases its opposition to the defendants' motion on its contention on that Mr. Giles was Mr. Smith's employee. That contention must find a firm footing on a bedrock of facts, not the gravel of speculation, conjecture, and conclusions. *See generally Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Grinnell's complaint has no such factual support. In its "Factual Basis" section, it alleges, *in toto,* merely that: 1) the accident giving rise to the state court suit "occurred while [Mr. Giles] was removing trapped corn stalks from a corn picker while Defendant Dale Smith was operating a combine," (Doc. 1, ¶ 10, pgID 3); 2) "*On information and belief*, at the time of the Accident, Giles *was employed* by either Defendant Dale Smith, Defendant Janet Smith, or both of them, engaged in the business of farming," (*Id.*, ¶ 11) (emphasis supplied); and 3) "*On information and belief*, at the time of the Accident, Defendant Dale Smith and/or Defendant Janet Smith were required under the law of Ohio to maintain workers compensation coverage for *their employee*," (*i.e.*, Mr. Giles), (*id.*, ¶ 12) (emphasis supplied).

That's it; and it's not nearly enough to state a cause of action under *Iqbal* and *Twombly*.

What I recently stated in *James v. Norfolk Southern Railway Company*, 2020 WL 1316513, at *3-4 (N.D. Ohio 2020), fits precisely here:

> To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain *sufficient factual matter*, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis supplied) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
>
> Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal, supra,* 556 U.S. at 679. . . .

The law is just as clear that "claims plead on information and belief are precisely the kinds of conclusory allegations that *Iqbal* and *Twombly* condemned and thus told us to ignore when evaluating a complaint's sufficiency. . . . These 'naked assertions devoid of further factual enhancement' contribute nothing to the sufficiency of the complaint." *Southfield L.P. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013) (quoting *Iqbal, supra*, 556 U.S. at 678); *accord, e.g., Doe v. University of Dayton*, 766 F. App'x 275, 284 (6th Cir. 2019); *Sunshine Heifers, LLC v. C&K Family Farm, LLC*, 2019 WL 1299958, at *1 (N.D. Ohio 2019) (Carr, J.) (citing *Southfield*, *supra* and *Doe, supra*).

Grinnell brought this action: it has the burden of proof as to a declaration that Mr. Giles was the Smiths' employee; the Smiths have no obligation to prove the negative.

In his state court complaint, Mr. Giles alleges that on December 27, 2018, he was pulling corn stalks from the front of Mr. Smith's corn picker. (Doc. 1-5, ¶ 4, pgID 19). Mr. Smith engaged the header, causing the Mr. Giles' left leg to be pulled into the machine. (*Id.*, ¶ 5). Mr.

3

Smith's negligence caused Mr. Giles' injuries as he was "was working in and around the header . . . ." (*Id.*, ¶ 9).

That's all that Mr. Giles' complaint says about what he was doing when he was injured. It suffices to state his state court negligence claim against Mr. Smith.

But it's not a sufficient basis to enable Grinnell to infer that Mr. Giles was the Smith's "employee" when his leg got mangled in the corn picker. An inference that Mr. Giles was an independent contractor – or even an unpaid helper - is an equally plausible option.

As my colleague, Magistrate Judge George J. Limbert, stated in summarizing Ohio law on an insurer's duty to defend:

> The duty of the insurer to defend is separate and distinct from the duty to indemnify. *M/G Transport Services, Inc. v. Water Quality Ins. Syndicate,* 234 F.3d 974, 979 (6th Cir.2000), citing *Lessak v. Metropolitan Cas. Ins. Co. of New York,* 168 Ohio St. 153, 151 N.E.2d 730, 733 (1958). "[T]he duty to defend arises when a complaint contains claims that are even "arguably covered" by the insurance policy, whereas a duty to indemnify is based only on actual liability. *American Motorist Ins. Co. v. Custom Rubber Extrusions, Inc.,* No. 1:05CV2331, 2006 WL 2460861 at *5, citing *City of Sharonville v. Am. Employers Ins. Co.,* 109 Ohio St.3d 186, 846 N.E.2d 833, 837 (2006) ("[A]n insurer has an absolute duty to defend an action when the complaint contains an allegation in any one of its claims that could arguably be covered by the insurance policy, even in part and even if the allegations are groundless, false or fraudulent.") . . . .
>
> . . .
>
> Ohio law states that whether an insurer has a duty to defend an action against an insured is initially determined by the scope of the pleadings. *M/G Transport Services, Inc.,* 234 F.3d at 977, citing *City of Willoughby Hills v. Cincinnati Ins. Co.,* 9 Ohio St.3d 177, 459 N.E.2d 555, 558 (1984). The insurer must defend a claim of an insured whenever the complaint states a covered claim, or *potentially or arguably* does so. *Id.*

*Ins. Co. of State of Pennsylvania v. Vimas Painting Co*., No. 406CV1048, 2007 WL 1412988, at *8 (N.D. Ohio).

Mr. Giles' straightforward claim is more than merely "arguable." On its face its states facts that, if proven, entitle him to a judgment.

Instead of providing, at the very least and at the outset, a defense, Grinnell opted, in pretty short order after receiving notice of the accident, to cut the Smiths loose. So far as can be told from the record now before me, it chose between (at least) two equally likely options the one that favored it, not its insureds.

An insurer cannot willy-nilly pick between two (or more) equally possible options, choosing the one that relieves it of its duty to defend and provide coverage.

But that's exactly what Grinnell did here. But it had no right in law or contract to make the choice it made when it made it. No insurer has the right - to declare unilaterally and in advance the side on which the coin will land – unless it's the one which makes the insured the winner. That's indisputably so where, as here, the coin has at least two sides, and the toss could come out either way.

Accordingly, I hold that Grinnell has failed to plead facts supportive of its claim that it does not owe the Smiths at least a duty to defend in the state court action. I grant their motion for judgment on the pleadings as to that duty.

## 2. The Workers' Compensation Exclusion

In their second ground for judgment on the pleading, the Smiths contend that Grinnell's failure to assume their defense bars its ability to assert the workers' compensation exclusion. Rather than address that issue head-on, I have tentatively decided that it makes better sense to find out if there is a genuine dispute of fact as to Mr. Giles' status.

5

Mr. Giles has offered first-hand, unequivocal evidence – his statement in his supporting brief – as to that issue.[1]

So far, Grinnell has presented nothing other than its bald assertion that Mr. Giles was the Smiths' employee. It may have something more that it generated during its seven-week investigation. But, if so, it kept it, for some inexplicable and indiscernible reason, to itself when drafting its complaint.

That, of course, wouldn't make any sense. So I'm a tad dubious that Grinnell has any factual basis for its continuing assertion that Mr. Giles was the Smiths' employee. That's not to say *ex cathedra* there's no there there. But it leads me to suggest that the parties and I deal head-on with the issue of Mr. Giles' status. If, as to that issue, there's a genuine factual dispute, I can turn to the Smiths' second contention. If there's no such dispute, that moots that contention.

To that end, I propose, subject to discussion with the parties, setting, if needed: 1) a brief discovery period focused on Mr. Giles' status; and 2) an expedited briefing schedule.

Alternatively, if Grinnell, in fact, now has and cannot reasonably and in good faith anticipate learning more that might favor its claim he was an employee than whatever it had on February 13, 2019, I suggest that it may want to concede that it has no grounds for continuing in that assertion. Doing so would eliminate any issue as to the workers' compensation exclusion. It would also let the state court action proceed now, rather than later.

That's what, if that's the case, Fed. R. Civ. P. 11(b) would require.

---

[1] I know I cannot, and I have not, considered those non-record statements in my decision as to the duty to defend. But it certainly looks to me at this point that his testimony that he was an unpaid volunteer would be admissible at trial. So I use the term "evidence" here in that anticipatory sense.

Finally, I note that the Judge presiding over the state case apparently does not want to stay that case until I resolve this case. One way or the other, that shouldn't take much longer, as I will give this case the precedence it deserves. Accordingly, if I'm going to have to plow the furrow of the exclusion, and if the parties so desire, I will contact that Judge and request, as a matter of judicial comity and conservation of (including my own) judicial resources that he or she hold off for a brief while.

It is hereby

ORDERED THAT:

1. I grant the Smiths' motion for judgment on the pleadings (Doc. 32) as to Grinnell's duty to defend; and

2. I hold in abeyance consideration of Grinnell's ability to deny coverage under the workers' compensation exclusion pending the status/scheduling conference scheduled for December 8, 2020.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge